UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| SUBROGATION DIVISION, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>STANLEY BROWN,<br><br>    Defendant. | 5:16-CV-05109-JLV<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND (DOC. 18) AND DENYING DEFENDANT'S MOTION TO DROP OR SUBSTITUTE PARTY (DOC. 20) |

This is an action seeking declaratory relief which arose out of a motor vehicle accident. Plaintiff Subrogation Division, Inc. filed a Motion to Amend (Doc. 18), requesting leave to file a Second Amended Complaint adding a second defendant. Defendant Stanley Brown filed a Motion to Drop or Substitute Party (Doc. 20), requesting that he be dropped as a party to the lawsuit. United States District Court Judge Jeffrey L. Viken, Chief Judge, referred Dockets 18 and 20 to this magistrate judge for determination. (Doc. 27).

## FACTUAL BACKGROUND

Plaintiff's Amended Complaint alleges the following facts. (Doc. 5). In May 2013, Defendant Stanley Brown rented a vehicle from Hertz in Rapid City, South Dakota. Brown entered into a rental agreement in which he chose not to purchase Hertz's liability insurance supplement; Brown was separately insured through 21st Century North America Insurance Company ("21st Century").

1

During the term of his rental, Brown was involved in a motor vehicle accident in Rapid City with a third party, Dan Claymore. 21st Century reimbursed Hertz for property damage to the rental car. Hertz's insurance carrier reimbursed Claymore for property damage to his personal vehicle. Plaintiff Subrogation Division, Inc. ("SDI"), as Hertz's assignee, sought recovery from Brown for reimbursement of the amount paid to Claymore. Brown did not reimburse SDI, leading to this lawsuit.

## DISCUSSION

SDI seeks to file a Second Amended Complaint, which adds 21st Century as a defendant and asks the Court to determine that 21st Century is the primary insurer in this dispute. (Doc. 18). Brown requests that he be dropped from the lawsuit or, in the alternative, that 21st Century replace him as the defendant in this case. (Doc. 20).

### I. SDI's Motion to Amend

Federal Rule of Civil Procedure 15 requires that "leave to amend a complaint 'shall be freely given when justice so requires,' but the granting of such a motion is left to the discretion of the district court." Kaufmann v. Sheehan, 707 F.2d 355, 357 (8th Cir. 1983) (quoting Fed. R. Civ. P. 15(a)). "[A]bsent a good reason for denial—undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment—leave to amend should be granted." Thompson–El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989). Rule 15(a) does not apply when the "district court has established a deadline

2

for amended pleadings under FRCP 16(b)," and the motion to amend is filed past that deadline. Kozlov v. Assoc. Wholesale Grocers, Inc., 818 F.3d 380, 395 (8th Cir. 2016) (internal quotations omitted).

Rule 15's liberal policy favoring amendments applies here. The Court's scheduling order allowed the parties until July 31, 2017, to move to join additional parties and to amend the pleadings. (Doc. 15). SDI filed its Motion to Amend on June 30, 2017. The parties subsequently filed a Joint Motion to Extend Deadlines (Doc. 28); the Court granted that motion, and vacated all discovery and motions deadlines pending resolution of Dockets 18 and 20. (Doc. 29). Therefore, the exception to Rule 15(a) articulated in Kozlov does not apply. 818 F.3d at 395.

Additionally, no good reason for denial exists. See Thompson-El, 876 F.2d at 67. In his response, Brown does not oppose SDI's Motion to Amend, and does not allege any undue delay, bad faith, failure to cure previous deficiencies, undue prejudice, or futility. (Doc. 21 at p. 2). Rather, Brown asks for relief as stated in his Motion to Drop or Substitute Party. Because the Court finds no good reason for denial, leave to amend the complaint "shall be freely given[.]" Fed. R. Civ. P. 15(a). For these reasons, SDI's Motion to Amend (Doc. 18) is granted.

## II. Brown's Motion to Drop or Substitute Party

In his Motion to Drop or Substitute Party under Federal Rule of Civil Procedure 21, Brown argues that the "clear purpose of this action is to determine whether SDI or 21st Century is responsible to provide primary

3

coverage for property damage of a third party and not to determine any possible liability of Brown." (Doc. 21 at p. 2). Therefore, "[l]eaving Brown as a defendant in this case would serve no useful purpose." (Id.). Brown urges the Court to drop him as a party or, in the alternative, substitute 21st Century as the defendant in this action. (Id. at p. 3). SDI opposes Brown's motion.

Brown brings his motion under Federal Rule of Civil Procedure 21. Rule 21, entitled Misjoinder and Nonjoinder of Parties, states: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "Rule 21 of the Federal Rules of Civil Procedure is the proper vehicle for dismissing parties who were improperly joined—either because they fail to satisfy any of the conditions of permissive joinder under Fed. R. Civ. P. 20(a) or because no relief is demanded from [them,] or no claim of relief is stated against [them]." Moubry v. Kreb, 58 F. Supp. 2d 1041, 1047 (D. Minn. 1999) (quoting Vakharia v. Swedish Covenant Hosp., 765 F. Supp. 461, 472 (N.D. Ill. 1991)). A district court's decision to drop a party is reviewed for abuse of discretion. Strandlund v. Hawley, 532 F.3d 741, 745 (8th Cir. 2008).

SDI's Proposed Second Amended Complaint adds 21st Century as a defendant and requests a declaration stating that "Brown and/or 21st Century are required to reimburse SDI[.]" (Doc. 18-1 at p. 4–5). SDI maintains independent requests for relief against Brown. (Id. at p. 5–6). Further, Brown makes no allegation that he was improperly joined under Rule 20. Therefore,

4

Rule 21 does not apply here. Rather, Brown's motion is more properly construed under Federal Rule 25.

Rule 25(c) permits substitutions when an interest is transferred during a lawsuit. ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc., 53 F.3d 186, 191 (8th Cir. 1995). The Rule states: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). "The rule is designed to allow an action to continue unabated when an interest in a lawsuit changes hands, rather than requiring the initiation of an entirely new lawsuit." ELCA Enters., Inc., 53 F.3d at 191 (citing Gen. Battery Corp. v. Globe–Union, Inc., 100 F .R.D. 258, 261 (D. Del. 1982)) (internal quotations omitted). Therefore, as a procedural mechanism, "Rule 25 does not substantively determine what actions survive the transfer of an interest; rather, it provides substitution procedures for an action that does survive." Id. (citing Hilbrands v. Far East Trading Co., 509 F.2d 1321, 1323 (9th Cir. 1975).

The decision to grant or deny a motion to substitute is a matter within the district court's discretion. Id. at 190. The moving party must demonstrate that an assignment of rights has taken place. See, e.g., Jalin Realty Capital Advisors, LLC v. A Better Wireless, NISP, No. 11-CV-165, 2017 WL 198285, at *4 (D. Minn. Apr. 18, 2017) (granting original defendant's motion to substitute under Rule 25(c) where original defendant retained no interest in case; the substituting party possessed all right to seek attorney's fees from plaintiff); Mil

5

Acquisition Venture, L.P. v. Avenue C-Stores, Inc., No. 5:11-CV-6037, 2012 WL 448755, at *1–2 (W.D. Mo. Sep. 27, 2012) (substitution was proper where plaintiff demonstrated it "stepped into the shoes" of its predecessor in interest, and was assigned all right, title, and interest in the subject of the action); Macan-Wightman v. Bajda, Civ. No. 5-96309, 1998 WL 333959, at *1–3 (D. Minn. Mar. 26, 1998) (granting plaintiff's motion to substitute her uninsured motorist insurance carrier for original defendants because plaintiff's claim against insurance carrier was perfected, and insurance carrier was proper entity from which plaintiff could seek damages); Malaterre v. United States, Civ. No. A2-95-167, 1998 WL 1780652, at *2 (D.N.D. Dec. 4, 1998) (plaintiff's motion for substitution under Rule 25(c) was improper because plaintiff submitted no evidence showing transfer of interest occurred between original defendant and substitute defendant).

Here, Brown submits no evidence indicating that a transfer of interest took place between himself and 21st Century. Nothing in the record demonstrates that substitution is proper at this point in the litigation. Brown's motion puts forth no undisputed facts that would support substitution under Rule 25(c), other than a bare allegation in his motion that "[l]eaving Brown as a defendant in this case would serve no useful purpose." (Doc. 21 at p. 2). Accordingly, Brown has not met his burden to show that 21st Century "stepped into [his] shoes." See Mil Acquisition Venture, 2012 WL 4468755, at *2. Brown's motion is denied without prejudice.

## CONCLUSION

Good cause appearing, it is hereby

ORDERED that Plaintiff's Motion to Amend (Doc. 18) is granted. It is further

ORDERED that Defendant's Motion to Drop or Substitute Party (Doc. 20) is denied without prejudice.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 29th day of March, 2018.

BY THE COURT:

_[signature]_

DANETA WOLLMANN
United States Magistrate Judge