UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| SUBROGATION DIVISION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> STANLEY BROWN and <br> 21ST CENTURY INDEMNITY <br> INSURANCE COMPANY, <br><br> Defendants. | CIV. 16-5109-JLV <br><br><br> ORDER |

**INTRODUCTION**

Plaintiff Subrogation Division, Inc., filed a motion for attorneys' fees and

costs.   (Docket 67).   Defendants resist plaintiff's motion.   (Docket 70).   For

the reasons stated below, plaintiff's motion is granted in part and denied in part.

**ANALYSIS**

The court entered an order granting summary judgment to plaintiff on its

claim seeking application of the Graves Amendment, 49 U.S.C. § 30106.

(Docket 62).   By the order, plaintiff was awarded $2,271.75 against defendant

Stanley Brown.   Id. at p. 25.   In addition, under the indemnification provision

which was one of the topics of the litigation, the court concluded plaintiff was

entitled to its attorneys' fees and costs.   Id. at pp. 24-25.

With its motion and brief seeking attorneys' fees and costs, Subrogation

Division Inc. ("SDI") filed a number of supporting documents, including Attorney

Stephen Christiansen's attorney's fee invoices, Attorney Jay Shultz's attorney's

fees invoices and two declarations of other attorneys in support of plaintiff's

attorney's fees hourly rates.   (Dockets 67-2 through 67-7).   SDI proposes Mr.

Christiansen's hourly attorney fee rate be approved at $315 and Mr. Shultz's

hourly rate be approved at $275.   (Docket 67 ¶¶ 16 & 17).   For the 126.5 hours

Mr. Christiansen spend in this case and the 60.15 hours spent by Mr. Shultz,

SDI seeks approval of the following:

| | | | |
|---|---|---|---|
| Mr. Christiansen | 126.50 hrs. x | $315 per hour = | $39,847.50 |
| Mr. Shultz | 60.15 hrs. x | $275 per hour = | $16,541.25 |
| | Total fees | | $56,388.75 |

Id.   In addition, SDI seeks reimbursement for Mr. Christiansen's costs of

$309.30, Mr. Shultz's costs of $506.45 and 6.5 percent South Dakota Sales Tax

of $3,395.91[1] for an adjusted total of $60,600.41.   Id. ¶¶ 16-19 & 21.   To avoid

double counting, SDI deducts $500 already awarded by the Clerk of Court for a

net total request of $60,100.41.   "This is the amount SDI seeks from the Court

pursuant to its award of attorney fees and costs under the indemnification

provision in the rental agreement through the date of this motion."   Id. ¶ 21.

In its reply, SDI seeks additional fees for preparing the fee application

documents.   (Docket 75 at p. 17 n.5).   Those requested fees are:

| | | | |
|---|---|---|---|
| Mr. Christiansen | 12.20 hrs. x | $315 per hour = | $3,843.00 |
| Mr. Shultz | 4.25 hrs. x | $275 per hour = | $1,168.75 |

---

[1]The total South Dakota Sales Tax (6.5 percent) on $56,388.75 should have been $3,665.27.   For purposes for the initial examination of SDI's request, the court will use the figures presented by plaintiff.

together with 6.5 percent sales tax of $249.80 and $75.97, respectively for a total

of $5,337.52.   Id.

> Defendants oppose SDI's motion.   (Docket 70).   They claim:
>
> The amount of attorneys' fees SDI seeks to recover is unreasonable because (1) SDI improperly attempts to recover out-of-forum rates for its lead attorney; (2) SDI seeks to recover fees which involve duplication of efforts or intra-attorney communications; and (3) the total amount sought is grossly disproportional to the amount in controversy.

Id. at pp. 1-2.   Defendants submit this was simply "a subrogation case in the

form of a declaratory judgment action."   Id. at p. 3.   The parties' particular

arguments focused on the present motion will be addressed where appropriate in

this order.

### 1.   Complexity of the Case

While courts may address the relevant factors in a different sequence,

the court believes it is most productive to evaluate the complexity of the case

before looking to the rates charged or the hours spent by plaintiff's attorneys.

The parties agree the principal question in this case was whether the

Graves Amendment preempts South Dakota state law prohibiting SDI from

subrogating Overland West's assigned claim against Mr. Brown under the rental

agreement with him.   See Dockets 67 ¶ 2 & 70 at pp. 2-3.   In a nutshell,

defendants' affirmative defenses set the battle lines for resolving this case.

Those affirmative defenses were:

> Defendant affirmatively alleges that the claims raised by Plaintiff do not present a substantial federal question by the mere presence of

3

the Graves Amendment and there is no federal cause of action created by the Amendment.   (Docket 12 ¶ 3).

Defendant affirmatively alleges that Plaintiff's assignor was a statutory owner, pursuant to South Dakota's Financial Responsibility Law, SDCL § 32-35-70, of the vehicle it rented to Defendant, and is therefore liable to Dan Claymore under South Dakota law for damages that arose out of the May 3, 2013 motor vehicle accident.   Id. ¶ 4.

Defendant affirmatively alleges that South Dakota's Financial Responsibility Law, SDCL § 32-35-70, is not subject to preemption under the Graves Amendment, and falls within the savings provision in 49 U.S.C. § 30106(b)(1)-(2).   Id. ¶ 5.

Defendant affirmatively alleges that Plaintiff must provide primary liability coverage for its vehicles that its assignor owned and leased to its customers under Auto Owners Ins. Co. v. Enterprise Rent-A-Car Co. Midwest, . . . 663 N.W.2d 208 [(S.D. 2003)].   Id. ¶ 6.

Defendant affirmatively alleges that the Plaintiff's claims are barred by settled law under the South Dakota Supreme Court's decision in Auto Owners Ins. Co., . . . .   Id. ¶ 7.

Defendant affirmatively alleges, in the alternative, that the Graves Amendment is unconstitutional on the basis that it seeks to regulate state imposed liability in violation of the Commerce Clause.   Id. ¶ 8.

Defendant affirmatively alleges that the terms of the rental agreement discussed in Plaintiff's Amended Complaint are void and invalid to the extent they conflict with South Dakota's law and public policy.   Id. ¶ 9.

Following the completion of discovery, the parties filed cross-motions for summary judgment.   (Dockets 39 & 47).   Plaintiff's submission for summary judgment consisted of its motion, a legal memorandum, a statement of undisputed material facts, five affidavits and five exhibits.   (Dockets 39-42, 42-1, 43-46 & 46-1 through 46-4).   Included in plaintiff's submission were Mr.

4

Brown's answers to two interrogatories and seven admissions to plaintiff's

requests for admissions.   (Docket 46-1).

Defendants' cross-motion for summary judgment consisted of its motion, a

legal memorandum, a statement of undisputed material facts, an affidavit and

four exhibits.   (Dockets 47-50 & 50-1 through 50-4).   Included in defendant's

submission were plaintiff's answers to five interrogatories and eight responses to

defendants' requests for production of documents.   (Docket 50-1).

Defendants filed a response to plaintiff's statement of material facts and a

brief in opposition to plaintiff's motion for summary judgment.   (Dockets 54 &

55).   Plaintiff filed a brief in response to defendants' motion for summary

judgment and an affidavit.   (Dockets 56 & 57).   The parties filed reply briefs in

support of their respective motions for summary judgment.   (Dockets 58-59).

Plaintiff also filed a supplemental brief referencing additional case authority.

(Docket 61).

Three weeks later, the court entered its order granting plaintiff's motion for

summary judgment, denying defendants' motion for summary judgment,

awarding plaintiff $2,271.75 and declaring that under the indemnification

provision of Mr. Brown's rental agreement with Overland plaintiff was entitled to

its attorney's fees.   (Docket 62 at p. 25).   The court also determined that "[n]o

party asked the court to determine whether 21st Century must pay Mr. Brown's

costs in this regard.   The court's finding that Mr. Brown is liable for these costs

should not be construed as precluding 21st Century from paying the costs, if

payment is appropriate under the insurance contract between 21st Century and Mr. Brown." Id.

The court believes prior to the commencement of this litigation there were few attorneys in the state of South Dakota who might have heard of the Graves Amendment, let alone been prepared to litigate the vast spectrum of affirmative defenses asserted by the defendants.   This is not a run-of-the-mill insurance subrogation claim case.   "Resolving plaintiff's claim will be a matter of enforcing federal law and giving effect to Congress' intent . . . [and] once settled, will be useful to courts throughout South Dakota."   (Docket 62 at p. 7).   The court finds the issues litigated in this case were unique and complex.

### 2.     Reasonable Hourly Rate

SDI's lead attorney, Stephen Christiansen, seeks an hourly rate of $315 and for local counsel, Jay Shultz, $275, per hour.   (Docket 67 ¶¶ 15 & 17).

The first step for determining an attorney's fee award requires the court to calculate the lodestar, which provides an initial estimate of the value of the attorney's services.   Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).   This process "provides an objective basis on which to make an initial estimate of the value of a lawyer's services."   Id.

### A.     Attorney Stephen Christiansen

"In determining the reasonable hourly rate for the relevant legal community, courts typically consider the ordinary rate for similar work in the community in which the case is litigated."   Libertarian Party of South Dakota v.

6

Krebs, CIV 15-4111, 2018 WL 4762966, at *2 (D.S.D. Oct. 2, 2018) (referencing

Emery v. Hunt, 272 F.3d 1042, 1048 (8th Cir. 2001)).   The hourly rate for an

"out-of-area counsel" may be considered where the attorney "has particular

expertise in an area of the law."   Id. (Snider v. City of Cape Girardeau, 752 F.3d

1149, 1160 (8th Cir. 2014); Planned Parenthood, Sioux Falls Clinic v. Miller,

70 F.3d 517, 519 (8th Cir. 1995) (affirming the use of a non-local prevailing rate

where counsel has expertise in the area of reproductive rights)).

While Mr. Christiansen, a Salt Lake City, Utah, attorney had higher hourly

rates in 2016-2020 during the course of this litigation, "he charged SDI a

discounted hourly rate of $315 throughout the entirety of this case."   (Docket

67 ¶ 15).   Defendants oppose Mr. Christiansen's hourly rate.   (Docket 70 at

pp. 5-6).   They argue SDI made "no showing that it made a diligent, good faith

effort to retain local counsel to handle this case."   Id. at p. 5.   While SDI may

have preferred "to have its principal counsel operate as its lead counsel . . . [that

decision] does not warrant the use of non-forum rates."   Id. at p. 6.

Even were the court to consider Mr. Christiansen's alternative proposed

rate of $275, if the court choses to not adopt the $315 rate, defendants argue

even that rate is too high.   Defendants offer the affidavit of Rapid City Attorney

Heather Lammers Bogard, who based on her experience, asserts "in this type of

subrogation or insurance matter, the attorney fees would generally be contingent

or considerably less than $200 per hour.   An average range in her experience is

typically $125-175 per hour in South Dakota."   Id. (referencing Docket 71 ¶ 13).

In defendants' view, this case "was not a complex commercial case, antitrust case, voting rights case, or similar case that would justify higher hourly rates." Id. at p. 8.

In reply, SDI advised the court why it chose to have Mr. Christiansen as lead counsel in this case.

> Among the matters on which Mr. Christiansen has educated himself in connection with SDI's business is the federal Graves Amendment.  Issues arising under the Graves Amendment can sometimes present themselves in SDI's claims efforts.  The Graves Amendment is not very well understood within SDI's industry.  Mr. Christiansen has worked with SDI over many years to obtain the knowledge and expertise necessary to present Graves Amendment arguments appropriately and effectively.  He has special expertise and knowledge concerning the interplay between the Graves Amendment and state law.  SDI logically chose to retain him as counsel in this case.

(Docket 75 at p. 3) (referencing Docket 76 ¶ 6).

Defendants' assertion plaintiff should have found local counsel who would take SDI's claim on a contingency fee basis is wholly without merit.   Both parties knew the amount in controversy, $2,271.75, would never justify a competent attorney taking SDI's claim on a contingency.

With the complexity not just of plaintiff's Graves Amendment claim but the diverse and separately challenging nature of defendants' affirmative defenses, the court finds plaintiff has shown that "an attorney with the required skills more than likely was not available locally."  Libertarian Party of South Dakota, 2018 WL 4762966, at *3.   It was appropriate for SDI to retain Mr. Christiansen, an

8

expert in the field of Graves Amendment litigation to lead this South Dakota case.  Id.

The court finds $315 is a reasonable hourly rate for Mr. Christiansen's time and legal expertise.[2]

B.      Attorney Jay Shultz

As mentioned above, SDI seeks $275, per hour, for Attorney Shultz's attorney's fees.   (Docket (67 ¶ 17).   Defendants oppose this hourly rate. (Docket 70 at pp. 6-8).   While defendants point to a number of rulings of both the district judges and a magistrate judge in the District of South Dakota over the past many years in which rates of between $210 to $250 were approved in complex areas of the law, the most telling are the court's own findings in past cases.

The court concluded in 2011 based on "its own knowledge of prevailing rates in the District of South Dakota and also based on recent awards of attorneys' fees that $250 [was] the prevailing reasonable hourly rate for plaintiff's counsels' time."   Lyon v. Bankers Life and Casualty Co., CIV. 09-5070 (D.S.D. 2009), Docket 47 at p. 2 n.2.   In 2018, the court found the hourly rate for an experienced attorney in a Rapid City law firm at $250 per hour was reasonable. Romero v. Wounded Knee, LLC, CIV. 16-5024 (D.S.D. 2016), Docket 79 at pp. 8-9.

---

[2]Mr. Christiansen's education and legal experience since 1993 is well documented.   (Docket 67 ¶ 13).

9

While the court does not want this ruling to be interpreted as a finding of unreasonableness in setting his hourly rate for an out-of-state client,[3] the court finds the hourly rate appropriate for local counsel for the time period 2016 through 2020 was $250.   Mr. Shultz's hourly rate is set at $250.

### 3.   Reasonable Work

Both of SDI's attorneys submitted detailed invoices for their hours of service in this case.   (Dockets 67-2 through 67-7).   Defendants challenge plaintiff's submissions.   (Docket 70 at pp. 8-13).

### A.   Attorney Stephen Christiansen

SDI asks the court to approve 126.5 hours Mr. Christiansen spent on this case.   (Docket 67 ¶ 16).   Defendants oppose plaintiff's motion.   (Docket 70 at pp. 12-14).   Defendants ask the court to take judicial notice of the filings in this case.   Id. at p. 12.   They charge SDI's contention that the litigation took "187 attorney hours" over three years to litigate this case "is misleading."   Id. Defendants submit "[i]n reality, there was very little litigation actually involved. . . . Other than motions to amend the complaint, to substitute or correct party, and to amend deadlines, until the parties filed their cross-motions for summary judgment in October of 2018, there was little if any activity[.]"   Id.   Defendants complain that from the time of plaintiff's rejection of defendants' offer of settlement, plaintiff's attorney's fees jumped "from around $7,000 in March of 2017 to over $60,000 [through December 2019] in its motion for attorneys' fees."

---

[3]Mr. Shultz's education and legal experience is well documented by plaintiff.   (Docket 67 ¶ 14).

Id. at p. 13.   By comparison, defendants point out their "attorney billed . . . for 64.0 hours of work."   Id. at p. 12.   For these reasons, defendants assert "Mr. Christiansen's time entries are cumulatively unreasonable and excessive."   Id. at p. 13.   Without identifying where Mr. Christiansen's reported time was excessive, defendants suggest the total number of hours to be allocated between both of plaintiff's attorneys should be 96.4 hours the "median between [the] total hours spent by SDI and total hours spend by Defendants."   Id. at p. 14.

The court reviewed in detail Mr. Christiansen's invoices.   Of utmost importance, the court finds Mr. Christiansen spent 34.1 hours preparing plaintiff's motion for summary judgment and the supporting documentation; 10.3 hours preparing plaintiff's response to defendants' motion for summary judgment; and 10.5 hours preparing plaintiff's reply brief and documentation in support of plaintiff's motion for summary judgment.   The remainder of Mr. Christiansen's time is accounted for by his other activities of importance to plaintiff.   The court finds 126.5 hours an appropriate number of hours for Mr. Christiansen's work as lead counsel in plaintiff's case.

B.    Attorney Jay Shultz

Plaintiff moves the court to approve 60.15 hours spent by Mr. Shultz on its case.   (Docket 67 ¶ 17).   Defendants oppose SDI's motion.   (Docket 70 at pp. 9-13).   Defendants declare they "should not be compelled to pay" for these additional hours "because SDI chose to retain a Utah attorney as its lead counsel."   Id. at p. 9.   While defendants acknowledge there are certainly

11

"scenarios where local counsel takes the laboring oar and performs non-duplicative services. . . . [T]his is not the case[.]"   Id. at p. 10.

Defendants point to a number of entries where Mr. Shultz seeks to charge for electronically filing and serving pleadings and other documents.   Id. at pp. 10-11.   Additionally, defendants contend they "should not have to pay for internal emails between SDI's lawyers, for SDI's local counsel to extensively review all documents in the case, or for SDI's local counsel's overhead."   Id. at p. 11.   For these reasons, defendant's ask "the Court [to] refuse to award any attorney's fees related to Mr. Shultz[.]"   Id.

The court expects local counsel to be fully versed in all parties' filings, including discovery activities and submissions on motions for summary judgment.   Under the court's rules "[l]ocal counsel must sign and file all documents."   D.S.D. Civ. LR 83.2(E).   In the same vein, local counsel must be confident that all documents prepared by out-of-state counsel accurately reference case authority and properly cite the language of each case referenced. Fed. Civ. R. 11(a) & (b).

It appears Mr. Shultz professionally complied with that obligation.   In addition to his other duties and activities as local counsel, Mr. Shultz spent 3.5 hours reviewing plaintiff's motion for summary judgment and its supporting documentation; 0.50 hours reviewing defendant's brief in response to plaintiff's motion for summary judgment; one hour reviewing plaintiff's reply brief in support of its motion for summary judgment; and 0.75 hours reviewing

12

defendant's reply brief in support of its own motion for summary judgment. This is critical work which must be performed by local counsel in aiding lead counsel and complying with the court's rules.

It is expected that local counsel communicates with lead counsel, works together on matters which can be done on a shared basis and then advises lead counsel of any pitfalls or obstacles the court's particular rules and procedures may create during the course of the litigation. In evaluating the attorneys' billings, the "court may reduce attorney hours, and consequently fees, for inefficiency or duplication of services in cases where more than one attorney is used." Libertarian Party of South Dakota, 2018 WL 4762966, at *5 (citing A.J. by L.B. v. Kierst, 56 F.3d 849, 864 (8th Cir. 1995)). "[T]he fact that both lawyers sometimes collaborated on an issue or worked on the same task does not necessarily constitute duplicative or unnecessary billing." Id., 2018 WL 4762966, at *4. "Effective preparation and presentation of a case often involves teamwork on a single issue." Id. "The tenacity of Defendants' defense likewise undermines their argument that the work of both lawyers for Plaintiff[] was unnecessary in their attempts to" enforce the Graves Amendment and defeat defendants' constitutional and statutory challenges. Id.

The court conducted a detailed examination of Mr. Shultz's billing invoices. The court finds in several entries Mr. Shultz billed for activities generally denoted as filing and serving documents. See, i.e., Docket 67-4 at pp. 2-4 & 6-8. These are activities typically performed by clerical staff, whose

13

salary is incorporated into an attorney's hour rate.   In addition, the court noted a number of times when Mr. Shultz appeared to bill for an extraordinary amount of time for reviewing or considering documents prepared by Mr. Christiansen or defense counsel.   See, id. at p. 2.   Rather than identify each of these entries, the court concludes a reduction of 10.95 hours from Mr. Shultz's invoices is warranted.

"Nothing in the record persuades [the court] that plaintiff['s] suit was so rudimentary as to require the labor and expertise of only one attorney.   Even if [the] suit were uncomplicated, which [the court] believe[s] it was not, this fact alone would not constitute a 'special circumstance' justifying the denial of attorneys' fees to all but one of plaintiff['s] attorneys."   A.J. by L.B., 56 F.3d at 863.

The court finds 49.2 hours an appropriate number of hours for Mr. Shultz's work as local counsel.

### 4.      Time for Preparing Attorneys' Fees Submission

Time spent by a prevailing party to submit its attorneys' fees request and respond to defendants' challenges to the submission constitute recoverable fees. Libertarian Party of South Dakota, 2018 WL 4762966, at *5 (referencing Jones v. MacMillan Bloedel Containers, Inc., 685 F.2d 236, 239 (8th Cir. 1982)).   The court finds the time plaintiff's attorneys spent in submitting SDI's attorneys' fees motion and the time spent in defeating defendants' objections is reasonable.   Id.

The court finds plaintiff is entitled to 12.2 hours for Mr. Christiansen and 4.25 hours for Mr. Shultz.

### 5.      Costs

In addition to attorneys' fees, SDI seeks recovery of its costs.   (Docket 67 at pp. 16-17).   SDI seeks reimbursement for Mr. Christiansen's advanced costs of $309.30 and $506.45 for Mr. Shultz's costs.   Id. ¶¶ 16 & 18. Because defendants paid the costs assessed by the Clerk of Court, SDI agrees to reduce the amount claimed by $500.   Id. ¶ 21.

The court finds SDI is entitled to total adjusted costs of $315.75.

### 6.      South Dakota Sales Tax

SDI acknowledges plaintiff's attorneys' fees are subject to South Dakota sales tax of 6.5 percent.   Id. ¶ 19.   Defendants do not dispute this obligation and assessment.   (Docket 70).

Based on the above analysis, the court calculated the plaintiff's right to recovery of attorneys' fees, costs and sales tax as follows:

| | | | |
|---|---|---|---|
| Mr. Christiansen | 138.70 hrs. x | $315 per hour = | $43,690.50 |
| Mr. Shultz | 53.45 hrs. x | $250 per hour = | $13,362.50 |
| | | Total Fees | $57,053.00 |
| | | Sales Tax ($57,053 x 6.5%) | $ 3,708.45 |
| | | Total Adjusted Costs | $    315.75 |
| | | Total Award | $61,077.20 |

15

**ORDER**

Good cause appearing, it is

ORDERED that the plaintiff's motion for attorneys' fees (Docket 67) is

granted in part and denied in part.

IT IS FURTHER ORDERED that plaintiff Subrogation Division, Inc.,

shall recover the total sum of $61,077.20 from defendant Stanley Brown.

Dated March 24, 2021.

                              BY THE COURT:

                              /s/ *Jeffrey L. Viken*

                              JEFFREY L. VIKEN
                              UNITED STATES DISTRICT JUDGE